**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA A. PSENICSKA | : | CIVIL ACTION |
| 574 Franklin Way | : | |
| West Chester, PA 19380 | : | |
| | : | |
|       Plaintiff, | : | CASE NO.: |
|    v. | : | |
| | : | |
| AECOM | : | |
| 13355 Noel Rd., #400 | : | |
| Dallas, TX 75240 | : | |
|     and | : | |
| AECOM TECHNICAL SERVICES, INC. | : | |
| 1635 Market St., Suite 1000 | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
|     Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Lisa A. Psenicska (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.     This action has been initiated by Plaintiff against AECOM and AECOM Technical Services, Inc. (hereinafter collectively referred to as "Defendants") for violations the Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq.*), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").[1] Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and

---

[1] Plaintiff will move to amend his instant lawsuit to include a claim under the PHRA and PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Relations. Any claims under the PHRA and PFPO though would mirror the instant Title VII and ADEA claims identically.

retaliation, culminating in her termination from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

<strong><u>JURISDICTION AND VENUE</u></strong>

2.      This Court also has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under Title VII and the ADEA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state and local law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within ninety (90) days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant AECOM is an American <u>multinational</u> infrastructure consulting firm headquartered in Dallas, Texas.

9.      Defendant AECOM Technical Services, Inc. is a subsidiary of Defendant AECOM and a provider of technical and management support services to government agencies and commercial clients.

10.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted by and through there agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff is a 59-year-old woman.

14.     Plaintiff was hired by Defendants on or about March 26, 1998; and in total, she was employed by Defendants for approximately 27 years.

3

15.     Plaintiff was deemed working from and based within Defendants' Philadelphia, Pennsylvania location (as set forth in the caption above).

16.     Plaintiff was a very hard-working (and overall exemplary) employee, often working up to 50 hours per week.

17.     Plaintiff's job title while employed with Defendants was DMV / GPA Marketing Manager.

18.     In this capacity, Plaintiff reported to management, including Amy Skelding ("Skelding"), Associate Vice President and Regional Marketing Manager of Defendants; and Rosetta Bussie ("Bussie"), Vice President, Marketing Director.

19.     Throughout Plaintiff's long tenure with Defendants, Plaintiff had:

   a.   generally received satisfactory or above satisfactory evaluations;

   b.   been given bonuses or recognition for merit, performance, and other accolades (albeit not by way of appropriate salary increase, discussed more *infra*); and

   c.   not been the recipient of progressive discipline.

20.     Plaintiff was, at all times during her employment with Defendants, very dedicated, passionate about her work, and a model employee of Defendants.

21.     Unfortunately, during her last year of employment with Defendants, Plaintiff observed that she was being subjected to disparate and discriminatory treatment based on her age and gender – which she expressed concerns about and then was subjected to retaliation for the same (discussed further *infra*).

22.     For context, Plaintiff was a Regional Manager of a specified region.

23.     In the October-November 2024 timeframe, Plaintiff was told that she performed so well that her mid-Atlantic territory was being expanded to include other geographies (such as DC and Northern Virginia).

24.     While Plaintiff was given all of these additional responsibilities, she felt discriminated against on account of both gender and age in the workplace (primarily as to compensation).

25.     For example, under her same management, there was another Regional Manager (performing the same type of role as her) by the name of Brian Taylor ("Taylor").

26.     Taylor is:

   a.   substantially younger than Plaintiff and a male;

   b.   had significantly less tenure or seniority than Plaintiff;

   c.   was less skilled or qualified than Plaintiff; and

   d.   had functioned in his role for shorter timeframes (as compared to Plaintiff).

27.     Plaintiff was significantly underpaid compared to Taylor, despite performing a similar role to Plaintiff with less seniority, skills and qualifications.

28.     Specifically, Taylor earned a salary of approximately $153,000.00 as compared to Plaintiff's salary of approximately $118,500.00 (both salaries are rounded).

29.     By way of further example, Mariusz Koper ("Koper"), a young male was in a management role for about a year, performed a job subordinate to Plaintiff in level, yet he was paid a similar salary to her.

30.     The aforesaid unequal pay concerns prompted Plaintiff to raise concerns with her management that she felt "younger" employees who are "men" were paid better than someone like her, who was an older woman.

31. Plaintiff raised these aforesaid concerns of discrimination to Defendants' management, including Bussie and Skelding several times starting in or about November of 2024 and continuing up and through the time of her termination (discussed further *infra*), and she did so in different iterations but specifically mentioning age and gender.

32. Plaintiff is only providing two (2) examples of disparate pay for purposes of brevity herein, but there was no reasonable explanation given to Plaintiff as to why her compensation, as an older female, was significantly deflated or lower (especially when contrasted with her significant responsibilities).

33. By mid-2025, following her initial complaints of gender and age discrimination, Plaintiff felt she was being retaliated against, including (1) being unnecessarily scrutinized and harassed by Bussie on an ongoing basis; (2) being assigned a heavier workload as compared to her counterparts; and (3) embarrassing Plaintiff in front of her peers on numerous work calls (to the point that other coworkers began to take notice of the condescending and hostile way Bussie would speak to Plaintiff).

34. Bussie was highly unprofessional, abusive, and frankly did not care about policies or optics

35. For example, on one occasion, Plaintiff needed help and was hiring for a very qualified position; however, Bussie had directed Plaintiff to withdraw the job positing and to hire an executive's niece who lacked experienced, to pay this family member more than higher-level managers, and referenced someone younger and energetic would be good.

36. Plaintiff opposed what she perceived to be discrimination in Bussie's hiring instructions and was thereafter subjected to ongoing and increased hostility.

6

37.     In addition to the foregoing discriminatory and retaliatory harassment by Bussie, Skelding asked Plaintiff, shortly before Plaintiff was notified about her feigned layoff (discussed *infra*), how much longer she planned to continue working and if she planned to retire soon.

38.     In response to Skelding's question, Plaintiff expressed she had no intent to retire anytime soon, but apparently Defendants perceived her as needing to retire. *See e.g. Sesso v. Mercy Suburban Hosp.*, 2013 U.S. Dist. LEXIS 34401, at *12 (E.D. Pa. 2013)(denying summary judgment and explaining a jury could readily conclude age animus from inquiries about retirement).

39.     Plaintiff was notified via letter dated October 30, 2025, that she was being terminated (as a job elimination) effective November 14, 2025, because Defendants was purportedly "compelled to reduce [its] workforce" . . . for "business needs."

40.     Defendants documented in Plaintiff's October 30, 2025, termination letter that **the sole** reason(s) she was being terminated was due her "position being eliminated" and a "business need" to "reduce workforce," which was clearly pretextual given:

     a.  When Plaintiff was informed (upon termination notification) there was a need to reduce headcount for business or budgetary reasons, it was Plaintiff who was selected for termination and not Taylor.

     b.  In addition to Taylor, Plaintiff was also selected for layoff in favor of another younger male Regional Manager (holding a similar position to Plaintiff): Matt Quellete (mid-30s), who also:

          i.  Was substantially younger than Plaintiff and a male;

         ii.  had significantly less tenure or seniority than Plaintiff;

       iii.  was less skilled or qualified than Plaintiff; and

iv. had only functioned as a Regional Manager *for a few years* as of Plaintiff's termination from employment (discussed *supra*).

c. There were many people performing Plaintiff's role throughout the United States (<u>not just</u> those under her immediate management), most of whom are substantially younger and less experienced or less tenured than Plaintiff, yet, they were retained unlike her (despite the fact that Plaintiff could have performed any of their roles).

d. There simply was no neutral or non-discriminatory criteria for this made-up job elimination.

e. There were also numerous other 1-level lower management jobs ***open*** for which Plaintiff was the most qualified.

f. Historically, Defendants had no problem moving around employees for business need, yet Plaintiff was not offered available roles in a different capacity (even under the pretext of her job being eliminated).

g. Defendants were hiring nationally at the same time or shortly after Plaintiff was laid off, despite that Defendants claim that they were supposedly eliminating her for headcount needs.

h. Plaintiff was offered a severance package (which is not available to anyone terminated for a performance or cause-based reason).

41. Only after Plaintiff filed a Charge of Discrimination with the EEOC in connection with her instant claims did Defendants shift their reasoning for Plaintiff's separation and allege that they terminated Plaintiff for "poor performance" (even though they offered Plaintiff a

8

severance and also made no mention of performance being the reason for her termination in the October 30, 2025 termination letter).

42.     Furthermore, there were several other younger and/or male coworkers who worked with Plaintiff and were underperforming at the time she was chosen for job elimination; however, those individuals remained employed.

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff was subjected to a hostile work environment through gender discrimination and retaliation under Title VII, including but not limited to disparate and discriminatory treatment, unwarranted and pretextual discipline, and unequal compensation.

45.     As stated above, Plaintiff was not properly paid an equal or fair compensation when compared to her male counterparts who performed similar roles (and some who performed in lesser roles), even though Plaintiff had more experience, skills, qualifications and seniority than said male counterparts.

46.     Plaintiff complained to Defendants' management about the aforesaid gender discrimination to no avail, and instead of properly investigating or remedying her concerns, Defendants' management subjected her to a retaliatory harassment and ultimately terminated her.

47.     Plaintiff believes and avers that her gender was a motivating or determinative factor in Defendants' decision not to pay her equal and/or fair compensation when compared to her male colleagues and/or their decision to terminate her employment.

9

48.    Plaintiff also believes and therefore avers that because of her complaints of gender discrimination, Defendants made the decision to terminate her employment.

49.    Plaintiff asserts that Defendants' decisions (discussed *supra*) were made in violation of Title VII.

## COUNT II
### Violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3) [the Equal Pay Act - "EPA"]
**(Discrimination & Retaliation)**

50.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.    Plaintiff was not properly paid an equal or fair compensation when compared to her male counterparts although, upon information and belief, Plaintiff and her male counterparts performed similar roles (and some males performed in lesser roles), but she had more experience, skill, qualifications and seniority than them (some of which Plaintiff has specifically outlined *supra*).

52.    Plaintiff complained to Defendants' management that she believed she was not being paid fair or equal compensation as other male employees because of her gender.

53.    Plaintiff's aforesaid complaints under the Equal Pay Act were never properly investigated or resolved by Defendants' management.

54.    Instead, Plaintiff was retaliated against and terminated for complaining of unequal pay based upon her gender.

55.    These actions as foresaid constitute violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3).

**COUNT III**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**

56.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57.     Plaintiff was subjected to a hostile work environment through age discrimination and retaliation under the ADEA, including but not limited to disparate and discriminatory treatment, unwarranted and pretextual discipline, and unequal compensation.

58.     As stated above, Plaintiff was not properly paid an equal or fair compensation when compared to her younger counterparts who performed similar roles (and some performed in lesser roles), even though Plaintiff had more experience, skills, qualifications and seniority than said younger counterparts.

59.     Plaintiff complained to Defendants' management about the aforesaid age discrimination to no avail, and instead of properly investigating or remedying her concerns, Defendants' management subjected her to a retaliatory harassment and ultimately terminated her.

60.     Plaintiff believes and avers that her age was a determinative factor in Defendants' decision to pay her less than her similarly situated younger colleagues and/or their decision terminate her employment.

61.     Plaintiff also believes and therefore avers that because of her complaints of age discrimination, Defendants made the decision to terminate her employment.

62.     These actions as aforesaid constitute unlawful retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

11

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

C.     Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.     Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (021842003)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: April 9, 2026

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lisa A. Psenicska | : | CIVIL ACTION |
| v. | : | |
| AECOM, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 4/9/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:***  Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                        Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ]  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[    ]  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PSENICSKA, LISA A.

**(b)** County of Residence of First Listed Plaintiff     Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

AECOM, ET AL.

County of Residence of First Listed Defendant     Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical     Slander      Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |     Liability    ☐ 368 Asbestos Personal <br> ☐ 340 Marine      Injury Product | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and |
| | ☐ 345 Marine Product     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |     Liability    **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 720 Labor/Management | **SOCIAL SECURITY** |     Protection Act |
| ☐ 195 Contract Product Liability |     Product Liability   ☐ 380 Other Personal |     Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 360 Other Personal      Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| |     Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| | ☐ 362 Personal Injury -      Product Liability |     Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| |     Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** |     Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff |     Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment    ☐ 510 Motions to Vacate | |     or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability |     Accommodations   ☐ 530 General | |     26 USC 7609 |     Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | |     Agency Decision |
| |     mployment    **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | |     State Statutes |
| |     Other    ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| |      ☐ 560 Civil Detainee - | | | |
| |      Conditions of | | | |
| |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); ADEA (29USC621)

Brief description of cause:
Violations of Title VII, ADEA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE 4/9/2026    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # \_\_\_\_\_ AMOUNT \_\_\_\_\_ APPLYING IFP \_\_\_\_\_ JUDGE \_\_\_\_\_ MAG. JUDGE \_\_\_\_\_